IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CIRCLE STAR INSURANCE COMPANY, A RISK RETENTION GROUP, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| SAID NURU, SAF-T TRANSPORTATION, INC., ALEXIS MARTINEZ, JOANNE COZZOLINO, GARRISON PROPERTY & CASUALTY INSURANCE COMPANY | § § § § § § § § | CIV. ACTION NO. 3:26-CV-7 |
| Defendants. | § § | |

**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Plaintiff, Circle Star Insurance Company, a Risk Retention Group, pursuant to Rule 15 of the Federal Rules of Civil Procedure, and files this its First Amended Complaint for Declaratory Judgment against Defendants Said Nuru, SAF-T Transportation, Inc., Alexis Martinez, Joanne Cozzolino, and Garrison Property & Casualty Insurance Company and would show the Court the following:

**I.
PARTIES**

1. Plaintiff, Circle Star Insurance Company, a Risk Retention Group ("Circle Star"), is a domestic business corporation registered in Vermont with its principal place of business in Vermont. For purposes of diversity of citizenship, Circle Star is a citizen of Vermont.

2. Defendant Said Nuru ("Nuru") is an individual resident of Richardson, Dallas County, Texas and may be served with process at 609 Woodhaven Place, Richardson, Texas 75081, or wherever he may be found.

3. Defendant SAF-T Transportation, Inc. ("SAF-T") is a corporation doing business in Plano, Collin County, Texas and has been served in the above-captioned matter.

4. Defendant Alexis Martinez ("Martinez") is an individual resident of Mesquite, Texas and has been served in the above-captioned matter.

5. Defendant Joanne Cozzolino ("Cozzolino") is an individual resident of Dallas, Texas and has been served in the above-captioned matter.

6. Defendant Garrison Property & Casualty Insurance Company ("Garrison P&C") is a corporation doing business in Texas and has been served in the above-captioned matter.

## II.
## JURISDICTION AND VENUE

7. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The amount in controversy, exclusive of interests and costs, exceeds $75,000. Plaintiff is a citizen of Vermont, and the Defendants are citizens of Texas. Therefore, the parties are citizens of different states and complete diversity exists as between the parties.

8. Venue is properly maintained in this Court because it is the judicial district where all or a substantial part of the events and omissions giving rise to the claims occurred, and in which the underlying lawsuits that are the basis of this insurance coverage declaratory judgment matter are pending.

## III.
## UNDERLYING LAWSUIT

9. This suit concerns insurance coverage for the lawsuits styled as: *Alexis Martinez v. Said Nuru, Saft Transportation Inc. and Bismillah Load, Inc.*, DC 24-06763, pending in the 134th

Judicial District Court of Dallas County, Texas ("*Martinez* Lawsuit"), *Joanne Cozzolino v. Said Nuru and Bismillah Load, Inc.*, DC 24-21882, pending in the 192nd Judicial District Court of Dallas County, Texas ("*Cozzolino* Lawsuit"); and the *Garrison Property & Casualty Insurance Company v. Said Nuru and Saft Transportation, Inc*., DC 24-18995, pending in the 191st Judicial District Court of Dallas County, Texas ("Property Lawsuit"). The three matters were consolidated into the *Martinez* suit on April 20, 2025 (hereinafter the "Underlying Lawsuit").

10. The Underlying Lawsuit involves a motor vehicle collision that occurred on or about Thursday, March 30, 2023, on Eastbound 10100 Lyndon B Johnson Freeway/Interstate Highway 635, within the city limits of Dallas, Dallas County, Texas ("the Accident").

11. The Accident involved a 2014 Freightliner ("the Vehicle") owned by Defendant SAF-T and leased to Defendant Nuru subject to a March 10, 2023 Equipment Lease to Purchase Agreement.

12. In the *Martinez* Lawsuit, Defendant Martinez alleges negligence against Defendant Nuru and negligent entrustment, respondeat superior, negligence and gross negligence against Defendant SAF-T.

13. Defendant Martinez alleges that Defendant Nuru "was in the course and scope of employment" with Defendant SAF-T thereby making Defendant SAF-T "liable under the doctrine of Respondeat Superior."

14. Defendant Cozzolino alleges the same general facts as Defendant Martinez except that Defendant Cozzolino alleges that Defendant Nuru was in the course and scope of employment with an entity called Bismillah Load, Inc. The *Cozzolino* Lawsuit alleges negligence and respondeat superior.

15. The Property Lawsuit involves the vehicle driven by Defendant Cozzolino and

damages and loss of fair market value to the vehicle of roughly $28,678.40. The lawsuit alleges negligence, vicarious liability and respondeat superior against Defendant SAF-T, and vicarious liability – statutory employee against Defendant SAF-T. Again, the pleading alleges that Defendant Nuru was in the course and scope of Defendant SAF-T.

16. Prior to consolidation, Defendant Nuru gave a deposition in the *Martinez* matter on February 20, 2025. In that deposition, Defendant Nuru testified that at the time of the Accident, he was on his way to pick up a load in a trailer in Garland, Texas.

## IV.
## CIRCLE STAR POLICY

17. Circle Star issued to Said Nuru a non-trucking liability insurance policy bearing policy number NTL300449-14799 for the policy period from March 30, 2023, through March 30, 2024 (the "Circle Star Policy"). The Circle Star Policy provides non-trucking liability coverage with a $1 million limit of liability.

18. The Circle Star Policy contains the following insuring agreement:

**A. COVERAGE**

> **We** will pay all sums an **insured** legally must pay as **damages** because of **bodily injury** or **property damage** to which this insurance applies, caused by an **accident** and resulting from the ownership, maintenance or use of a covered **auto**.
>
> We have the right and duty to defend any suit asking for those damages. However, we have no duty to defend suits for bodily injury or property damage not covered by this policy. We may investigate and settle any claim or suite as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless expressly provided for under B. COVERAGE EXTENSIONS, below.

**1. WHO IS AN INSURED**

Subject to Subpart 2 (below), the following are insureds:
    a. You, for any covered auto.
    b. Anyone else while using with your permission a covered auto you own, hire or borrow.
    c. Anyone else who is liable for the conduct of an insured but only to the extent of that liability.

**HOWEVER, NONE OF THE FOLLOWING IS AN INSURED:**

    a. Anyone engaged in the business of transporting property for hire.
    **b.** Any rail, water or air carrier or its employees or agents, other than you and your employees, for a trailer if the loss occurs while the trailer is detached from a covered auto you are using and:
        (1) is being transported by the carrier; or
        (2) is being loaded on or unloaded from any unit of transportation by the carrier.

19.    The Circle Star Policy contains the following relevant policy definitions:

**A. Accident** means an event that is unexpected and unintended from the standpoint of the **insured**. All continuous or repeated accidental exposure to substantially the same generally harmful conditions shall be deemed one and the same **accident**.

**B. Auto** means a land motor vehicle, **trailer**, or semi-trailer designed for travel on public roads but does not include **mobile equipment.**

**C. Bodily injury** means physical injury, sickness or disease sustained by a person, including death resulting from any of these.

**D. Damages** means money damages, demanded or awarded to compensate for harm. **Damages** does not include punitive or exemplary damages, fine, penalty, monetary sanction, disgorgement or restitution of money or property, or cost of complying with equitable relief.

\* \* \*

20.    The Circle Star Policy contains the following pertinent exclusion:

**C. EXCLUSIONS**
. . .

**13. TRUCKING OR BUSINESS USE**

Bodily injury or property damage arising out of any accident which occurs while the covered auto is being used in the business of any lessee or while the covered auto is being used to transport cargo of any type. For the purposes of this exclusion the phrase "in the business of any lessee" means any of the following uses of the covered auto:

    a. for the benefit of or to further the interest of any lessee or when conducting business of any type;
    b. by any person or organization acting within the scope of employment by any lessee;
    c. by any person or organization acting under the direction, control or dispatch of any lessee;
    d. while travelling to or from any location for the purpose of picking up, delivering or transporting cargo on behalf of any lessee; or
    e. while travelling between any location where the covered auto is regularly garaged and
        i. any terminal or facility of any lessee, or
        ii. any other location,

for the purpose of picking up, delivering or transporting any cargo; or

    f. while traveling from:
        (1) any terminal or facility of any lessee, or
        (2) any location at which the covered auto was present for the purpose of picking up, delivering or transporting cargo, to any location where the covered auto is regularly garaged.

\* \* \*

## V.
## JUSTICIABLE INTEREST

21. Defendant Nuru sought a defense from Circle Star in the Underlying Lawsuit. Circle Star is currently providing a defense to Defendant Nuru in the Underlying Lawsuit subject to a full and complete reservation of its rights.

22. Circle Star seeks a declaration as to its rights, duties and obligations, if any.

23. An actual controversy therefore exists between the parties hereto pursuant to 28 U.S.C. § 2201 et seq., Chapter 37 of the Texas Civil Practice and Remedies Code, and Rule 57 of the Federal Rules of Civil Procedure. This Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with

reference to the issues herein. Neither Circle Star nor any defendant has sought any other legal action to adjudicate their respective rights involving the insurance policies.

## VI.
## COUNTS

A. **Count I – Declaratory Judgment – Defendant Nuru Does Not Qualify as an Insured Because He Was Engaged in the Business of Transporting Property**

24. Circle Star alleges and incorporates by reference the allegations found in paragraphs 1 to 23 above.

25. The Circle Star Policy defines an insured as "You, for any covered auto." "You" is defined by the Policy as the Named Insured.

26. The insuring agreement goes on to state, however, that "NONE OF THE FOLLOWING IS AN INSURED[] . . .[a]nyone engaged in the business of transporting property for hire[.]"

27. All three pleadings in the Underlying Lawsuit allege that Defendant Nuru was in the course and scope of his employment with either Defendant SAF-T or a company called Bismillah Load, Inc. at the time of the Accident.

28. Further, Defendant Nuru's deposition on February 20, 2025 states that at the time of the Accident, he was on his way to pick up a load in a trailer from Defendant SAF-T in Garland, Texas.

29. Defendant Nuru, in going to pick up a load at the time of the Accident, was "engaged in the business of transporting property for hire" and is therefore not an insured at the time of the Accident.

30. The Underlying Lawsuit could trigger a duty to defend, but the application of the eight-corners rule, due to a gap in the pleadings, is not determinative of whether coverage exists. Circle Star seeks to use extrinsic evidence to establish the nature of Defendant Nuru's trip on the

day of the Accident, and thus the applicability of the insuring agreement pursuant to *Monroe Guar. Ins. Co. v. Bitco Gen. Ins. Co.*, 640 S.W.3d 195, 199 (Tex. 2022) (the "*Monroe* Exception").

31. Consistent with the "*Monroe* Exception," Circle Star's evidence (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved.

32. Because Defendant Nuru was "engaged in the business of transporting property for hire" at the time of the Accident, he was not an insured for the Underlying Lawsuit and Circle Star is entitled to a declaration that the Circle Star Policy does not provide a defense to Defendant Nuru for the Underlying Lawsuit.

33. Further, for the same reasons that the Circle Star Policy does not provide a defense to Defendant Nuru for the Underlying Lawsuit, the Circle Star Policy will similarly not provide indemnity to Defendant Nuru for any damages related to the Underlying Lawsuit.

### B. Count II – Declaratory Judgment – Defendant SAF-T Does Not Qualify as an Insured Because SAF-T Was Engaged in the Business of Transporting Property

34. Circle Star alleges and incorporates by reference the allegations found in paragraphs 1 to 33 above.

35. The Circle Star Policy defines an insured as "[a]nyone else who is liable for the conduct of an insured but only to the extent of that liability."

36. Subject to a Lease Agreement with Defendant Nuru, Defendant SAF-T owned the Vehicle that Defendant Nuru was driving at the time of the Accident.

37. However, the insuring agreement goes on to state that "NONE OF THE FOLLOWING IS AN INSURED[] . . .[a]nyone engaged in the business of transporting property for hire[.]"

38. At the time of the relevant Accident, Defendant SAF-T had dispatched Defendant Nuru to pick up a load in Garland, Texas.

39. Both Defendant Nuru and Defendant Saft were "engaged in the business of transporting property for hire" at the time of the Accident and neither qualify as an insured under the Circle Star Policy.

40. The Underlying Lawsuit could trigger a duty to defend, but the application of the eight-corners rule, due to a gap in the pleadings, is not determinative of whether coverage exists. Circle Star seeks to use extrinsic evidence to establish the nature of Defendant Nuru's trip on the day of the Accident, and thus the applicability of the insuring agreement pursuant to *Monroe Guar. Ins. Co. v. Bitco Gen. Ins. Co.*, 640 S.W.3d 195, 199 (Tex. 2022) (the "*Monroe* Exception").

41. Consistent with the "*Monroe* Exception," Circle Star's evidence (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved.

42. Because Defendant SAF-T was "engaged in the business of transporting property for hire" at the time of the Accident, he was not an insured for the Underlying Lawsuit and Circle Star is entitled to a declaration that the Circle Star Policy does not provide defense or indemnity to any Defendant for the Underlying Lawsuit.

## VII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Circle Star Insurance Company, a Risk Retention Group, prays for judgment as follows:

A. Circle Star has no duty to defend Sara Nuru in the Underlying Lawsuit involving the Accident;

B. Circle Star has no duty to defend SAF-T Transportation in the Underlying Lawsuit involving the Accident;

C. Circle Star has no duty to indemnify Sara Nuru, SAF-T Transportation, or any other party, including Alexis Martinez, Joanne Cozzolino, and Garrison Property & Casualty Insurance Company, for any damages awarded in Underlying Lawsuit involving the Accident;

D. Circle Star should be awarded such other and further relief, legal or equitable, general or specific, to which Circle Star may show itself to be justly entitled.

Respectfully Submitted,

By: */s/ Heather N. Blumberg*
**HEATHER N. BLUMBERG**
Texas Bar No. 24074792
HBlumberg@mayerllp.com

**MAYER LLP**
750 N. Saint Paul Street, Suite 700
Dallas, Texas 75201
Telephone: (214) 379-6900
Telecopy: (214) 379-6939

**ATTORNEY FOR PLAINTIFF,
CIRCLE STAR INSURANCE COMPANY, A
RISK RETENTION GROUP**

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January 2026, a true and correct copy of the foregoing document was served on all Defendants via certified mail.

*/s/ Heather N. Blumberg*
**HEATHER N. BLUMBERG**