IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CIRCLE STAR INSURANCE COMPANY | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIV. ACTION NO. 3:26-CV-7 |
| SAID NURU, SAF-T TRANSPORTATION, INC., | § | |
| ALEXIS MARTINEZ, JOANNE COZZOLINO, | § | |
| GARRISON PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | |
| | § | |
| *Defendants* | § | |

**INTERVENOR TRISURA SPECIALTY INSURANCE COMPANY'S OPPOSED MOTION TO INTERVENE AND TO FILE THIRD-PARTY PETITION AND BRIEF IN SUPPORT**

Intervenor Trisura Specialty Insurance Company ("Intervenor" or "Trisura"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 24(a)(2) and/or 24(b)(1)(B), and files this Opposed[1] Motion for Leave to Intervene and to File Third-Party Petition and Brief in Support in this case; and in support thereof, Trisura would respectfully show the Court the following:

## I. INTRODUCTION

Trisura seeks an intervention by right under Federal Rule of Civil Procedure 24(a), or, alternatively, permissive intervention under Rule 24(b). This proceeding was initiated by plaintiff Circle Star Insurance Company ("Circle Star") on January 5, 2026. This lawsuit is a coverage

[1] As indicated more fully in the certificate of conference, Defendant Alexis Martinez does not oppose a permissive intervention, Defendant Joanne Cozzolino does not oppose this motion, Defendant Garrison Property & Casualty Company does not oppose this motion, and Plaintiff Circle Star Insurance Company opposes this motion because its action relates to coverage under its policy, and Circle Star thinks coverage under another policy is unrelated.

dispute concerning defendant Said Nuru's ("Nuru") and SAF-T Transportation, Inc.'s ("SAF-T") right to defense and indemnity under a non-trucking liability insurance policy issued by Circle Star (the "Circle Star Policy"). Nuru requested a defense from Circle Star in three lawsuits that have since been consolidated into one lawsuit pending in Dallas County (the "Underlying Lawsuit"). Circle Star is currently providing that defense subject to a reservation of rights. Circle Star's complaint alleges that Nuru was acting in the course and scope of employment with SAF-T and that both Nuru and SAF-T were "engaged in the business of transporting property for hire" at the time of the collision that is the subject of the Underlying Lawsuit. Circle Star therefore seeks a declaration that it has no duty to defend Nuru and SAF-T, nor does it have a duty to indemnify any of the defendants in this proceeding.

Trisura issued to SAF-T Commercial Auto Liability insurance policy, Policy No. CLFP2020000153, for the period August 12, 2022, through August 12, 2023 ("Trisura Policy"). Trisura's Petition in Intervention seeks declarations from this Court that it has no duty to defend or indemnify SAF-T or Nuru in the Underlying Lawsuit and has no obligation to pay a final judgment under the Trisura Policy or under any endorsements to the Trisura Policy. Trisura's position is that the Trisura Policy does not cover the claims asserted in the Underlying Lawsuit for several reasons, including that Nuru was not under any load for SAF-T, was not on any official business for SAF-T, and was using the Freightliner for personal reasons when the collision occurred.[2] Further, on information and belief, Nuru was not an employee of SAF-T at the time of the collision. From the allegations contained in Circle Star's Complaint, it does not appear that any existing party to this proceeding will adequately represent Trisura's interest. Trisura should therefore be allowed to intervene to protect its interest in this coverage dispute.

[2] Trisura additionally maintains that the Trisura policy does not cover any claims in the Underlying Lawsuit because the Freightliner driven by Nuru is not a scheduled auto on the Trisura Policy.

As discussed more fully below, Trisura respectfully requests that the Court grant its motion for intervention by right under Rule 24(a). Trisura timely filed this motion to protect its interest that will be impaired or impeded if it cannot intervene, and this interest will not be adequately represented by existing parties. If, however, the Court denies Trisura's intervention by right, Trisura should be granted permissive intervention under Rule 24(b) because this motion is timely; the underlying facts are in large part overlapping and are based on a single event (the collision at issue) and involve a determination of coverage(s) for claims made in the Underlying Lawsuit; and Trisura's intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. In addition, allowing Trisura to intervene will help avoid the possibility of inconsistent judicial rulings and will promote judicial efficiency.

## II. ARGUMENT AND AUTHORITIES

### A. Trisura should be allowed to intervene as a matter of right.

The court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a). The four factors of the intervention test are therefore (1) timeliness; (2) an interest relating to the action; (3) that the interest would be impaired or impeded by the case; and (4) that the interest is not adequately represented by existing parties. *In re Lease Oil Antitrust Litigation*, 570 F.3d 244, 247 (5th Cir. 2009) (citing *Sierra Club v. Espy,* 18 F.3d 1202, 1204-05 (5th Cir. 1994)). Because Trisura's Motion to Intervene meets each of these factors, the Court should grant the motion.

#### 1. Trisura's intervention is timely.

The first factor – whether intervention is timely – is subject to its own four-part inquiry: (1) the length of time between the would-be intervenor's learning of an interest and the petition to

intervene; (2) the extent of prejudice to existing parties from allowing late intervention; (3) the extent of prejudice to the would-be intervenor if the petition is denied; and (4) any unusual circumstances. *United States v. Covington Cnty. Sch. Dist.*, 499 F.3d 464, 465-66 (5th Cir. 2007) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977)).

Regarding the first factor, Trisura became aware of this proceeding on February 3, 2026. Four months have elapsed since Trisura learned about this proceeding and filed this motion.[3] Therefore, this factor is met. *See, e.g., In re Lease Oil Antitrust Litig.*, 570 F.3d at 248 (permitting intervention after a more than two-year delay).

The second factor is "measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation." *Sierra Club*, 18 F.3d at 1206. Trisura has not delayed in seeking intervention, so there is no prejudice to the original parties.

The third factor, prejudice to Trisura if the Court denies intervention, is satisfied here. In this case, if the Court denies Trisura's motion, Trisura will be forced to file for declaratory relief in a separate proceeding to determine whether it owes a duty to defend and/or indemnify SAF-T or Nuru based on the same operative facts that will be evaluated in this proceeding.

Regarding the fourth factor, Trisura is not aware of any unusual circumstances that the Court should consider.

**2. Trisura has an interest that would be impaired or impeded if it cannot intervene and that interest would not be adequately represented by existing parties.**

[3] Trisura initially contacted all parties who have appeared in this proceeding by e-mail on April 13, 2026. The last of the parties responded on June 3, 2026, indicating that it was opposed to this motion.

Trisura also meets the other three requirements for intervention. Trisura has an interest relating to this proceeding. Circle Star asks this Court for a declaration that it does not owe a duty to defend or indemnify SAF-T or Nuru under the Circle Star Policy. Circle Star's Complaint alleges that Nuru was acting in the course and scope of his employment with SAF-T and that both SAF-T and Nuru were engaged in the transporting of goods at the time of the collision that is the subject of the Underlying Lawsuit. Trisura contests both of these allegations. A finding that supports Circle Star's allegations in this case could potentially impact coverage under the Trisura Policy with regard to the Underlying Lawsuit. Because Trisura's interests may be adverse to Circle Star's, and because Circle Star and defendants Martinez, Cozzolino, and Garrison Property & Casualty all allege that Nuru was acting in the course and scope of his employment with SAF-T at the time of the collision, there is no existing party in this proceeding that will adequately represent Trisura's interest.

**B. Alternatively, the Court should grant Trisura permissive intervention under Rule 24(b).**

Should the Court conclude that Trisura is not entitled to intervention as a matter of right under Rule 24(a), Trisura requests that the Court grant permissive intervention under Rule 24(b). The Court may grant such relief when (1) timely application is made by the intervenor; (2) the intervenor's claim or defense and the main action have a question of law or fact in common; and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. *See League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989). For the same reasons Trisura has shown it is entitled to intervene under Rule 24(a), Trisura also meets the requirements for permissive intervention under Rule 24(b). Moreover, the Fifth Circuit has recognized that, in evaluating a request for permissive intervention, district courts should consider whether the intervenors are adequately represented by other parties

and whether they are likely to contribute significantly to the development of the underlying factual issues. *Id.* at 189 (citing *New Orleans Pub. Ser., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir.), *cert. denied*, 469 U.S. 1019 (1984)). Trisura's involvement in this proceeding will assist in the development of the fact surrounding Nuru's relationship with SAF-T and the characterization of Nuru's activities at the time of the collision (*e.g.*, whether he was driving under a bill of lading). Moreover, in evaluating whether a proposed intervenor's interests are adequately represented by other parties, the Fifth Circuit looks to whether the proposed intervenor possesses the same "ultimate objectives" as an existing party. *Id.* Here, it does not appear that any existing party to this proceeding possesses the same ultimate objectives as Trisura. As previously mentioned, Circle Star and three of the defendants have actively taken the opposite position regarding whether Nuru was acting in the course and scope of his employment with SAF-T. Finally, it is through Trisura's intervention that a single court can adjudicate all of the parties' rights and obligations as they pertain to coverage of the plaintiffs' claims in the Underlying Lawsuit.

## III. CONCLUSION AND PRAYER FOR RELIEF

For these reasons, Trisura Specialty Insurance Company requests that the Court grant its Motion to Intervene in the above styled and numbered action, and for such other and further relief to which Trisura may be justly entitled.

*[Signature on next page]*

Respectfully submitted,

By: */s/ Christopher W. Martin*

**CHRISTOPHER W. MARTIN**
Federal Bar No. 13515
martin@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1100
Houston, Texas 77002
(713) 632-1700 (Telephone)
(713) 222-0101 (Facsimile)

**KEVIN SEWELL**
State Bar No. 00789619
sewell@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
9111 Cypress Waters Blvd
Suite 250
Dallas, Texas 75019
(214) 420-5500
(214) 420-5501 (Fax)

**BRAD A. ALLEN**
State Bar No. 00796115
allen@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
11467 Huebner Road, Suite 200
San Antonio, TX 78230
(210) 298-2480
(210) 298-2479 (fax)

**ATTORNEYS FOR INTERVENOR TRISURA SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2026, a true and correct copy of the foregoing document was served on counsel for all parties via the Court's ECF system and email.

/s/ *Brad A. Allen*
Brad A. Allen

## CERTIFICATE OF CONFERENCE

Brad Allen, counsel for Trisura Specialty Insurance Company, sent an e-mail to Heather Blumberg, attorney for Plaintiff Circle Star Insurance Company, on April 13, 2026 regarding the subject of this motion. By e-mail dated June 3, 2026, Ms. Blumberg indicated that she opposes this motion because its action relates to coverage under its policy, and Circle Star thinks coverage under another policy is unrelated.

Brad Allen, counsel for Trisura Specialty Insurance Company, sent an e-mail to Linda Dedman, attorney for Alexis Martinez, on April 13, 2026 regarding the subject of this motion. By e-mail dated June 1, 2026, Ms. Dedman indicated she does not oppose a permissive intervention.

Brad Allen, counsel for Trisura Specialty Insurance Company, sent an e-mail to Jeffrey Benton, attorney for Joanne Cozzolino, on April 13, 2026 regarding the subject of this motion. By e-mail dated April 14, 2026, Mr. Benton indicated that he does not oppose this motion.

Brad Allen, counsel for Trisura Specialty Insurance Company, sent an e-mail to David Metzler, attorney for Garrison Property & Casualty Insurance Company, on April 13, 2026 regarding the subject of this motion. By e-mail dated April 13, 2026, Mr. Metzler indicated that he does not oppose this motion.

Trisura Specialty Insurance Company has not conferred with the parties who have not yet appeared (Saf-T Transportation and Said Nuru).