**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CIRCLE STAR INSURANCE COMPANY,** **Plaintiff,** | § § § | |
| **v.** | § § | **Civil Action No. 3:26-CV-7-N** |
| **SAID NURU, SAF-T TRANSPORTATION, INC., ALEXIS MARTINEZ, JOANNE COZZOLINO, GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,** **Defendants.** | § § § § § § | |

**DEFENDANT GARRISON'S RESPONSE TO CIRCLE STAR'S**
**MOTION FOR SUMMARY JUDGMENT AND BREIF IN SUPPORT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW,** Garrison Property & Casualty Insurance Company ("Garrison"), in the above-entitled and numbered cause and files this its Response to Plaintiff Circle Star's Motion for Summary Judgment (#35) and states as follows:

**Summary of Response**

Plaintiff Circle Star's Motion is moot as to Garrison and Joann Cozzolino Lawsuit as its petition in the underlying was amended to include factual allegations that Said Nuru *may not* have been in the course and scope of Saf-T's business or "engaged in the business of transporting property for hire."

To the extent the coverage arguments of Circle Star are considered, such arguments do not establish a lack of coverage even under the prior pleadings.

Circle Star's argument that the *definition of an insured* excludes "anyone engaged in the business of transporting property for hire" is an unreasonable reading of the policy because:

- Such reading means the "Named Insured" is never insured.

- The limitation on the definition of "insured" applies to the "FOLLOWING …" and does not apply to the previously mentioned Named Insured.

- Circle Star issued a "non-trucking policy" to cover Mr. Nuru when the vehicle is used for "non-business purposes." *Argonaut Ins. Co. v. Atl. Specialty Ins. Co*., 2023 U.S. App. LEXIS 2692, *2 (5th Cir. 2023). This issue is not resolved in the pleadings.

Finally, if the definition of "Insured" excludes "*Anyone* engaged in the business of transporting property for hire" then Exclusion 13 is meaningless. Exclusion 13 is the primary exclusion making the policy at issue a "non-trucking" policy because it excludes coverage for the vehicle *while being used to transport cargo*. If "anyone engaged in the business of transporting property" is not insured, then what is the purpose of this exclusion. Notably, Circle Star ignores this provision, instead arguing coverage is simply non-existent because the named insured, a truck owner, to whom Circle Star sold a truck policy, is "engaged in the business of transporting property for hire."

## Arguments and Authorities

### Applicable Legal Standards

Garrison generally agrees with Circle Star's representation of the legal standards applicable to summary judgment, construction of policies, and the determination of the duties to defend and indemnify. Any dispute or differences are discussed below.

Not presented, and significant here, is the Texas Supreme Court's language from *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*: "We examine the entire agreement and seek to harmonize and give effect to all provisions so that none will be meaningless." 327 S.W.3d 118, 126 (Tex. 2010). The court continued: "The policy's terms are given their ordinary and generally accepted meaning unless the policy shows the words were meant in a technical or different sense."

*Id.* These principles are important here because Circle Star's coverage arguments render the policy coverage illusory and render certain provisions meaningless. A reasonable reading of the policy demonstrates there is a clear duty to defend and the duty to indemnify cannot yet be determined.

**Defense Owed in "Property Lawsuit" and Cozzolino Lawsuit Because "Non-Trucking" Use Alleged**

Attached hereto as Exhibit A is a true and correct copy of the most recent pleading in the Property Damage case. The Cozzolino suit was amended to add similar language. *See Exhibit B,* ¶ 4.03. These pleading specifically contemplates that Mr. Nuru may not have been acting as an agent or employee of a motor carrier at the time of the accident. Specifically, the Property Lawsuit was amended to state: "Alternatively, to the extent Nuru was not acting within the course and scope of his employment and/or agency with Saft at the time of the Collision, Nuru was operating the Subject Vehicle in his individual capacity." *Exhibit A*, ¶ 9. The Cozzolino Petition has similar language.

Given that the foundation of Circle Star's argument is that Nuru was "engaged in the business" because the pleading alleges it was advancing Saf-T's business interests, the amended pleadings in the underlying lawsuits now include the possibility Nuru was not so engaged. To quote Circle Star's Motion:

> The factual allegations are considered without regard to their truth or falsity and all doubts regarding the duty to defend are resolved in the insured's favor. *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). Thus, "'[e]ven if the allegations are groundless, false, or fraudulent the insurer is obligated to defend.'" *Id.* (quoting 14 Couch on Insurance § 200:19).

*Circle Star Motion* (35), p. 13. With the new factual allegations, Circle Star's duty to defend is clear – a defense is required because the pleading alleges Mr. Nuru may **not** have been engaged in the business at the time but may have in involved in "non-trucking" use of the insured vehicle. Further, as the petition has been amended, Circe Star's motion is moot as it fails to consider the

live pleading. *See Northfield Ins. Co. v. Loving Home Care, Inc.* 363 F. 2d 523, 535 (5th Cir. 2004) (Holding the Court is bound to review the live pleading.) Because Circle Star has not addressed these live pleadings, it is motion should be denied.

**Circle Star Reads the Policy to Exclude Nuru (the Named Insured) as an Insured**

Circle Star contends the definition of Insured is "You (Nuru) for any covered **auto**." There is no dispute that the auto is the Vehicle, as defined by Circle Star.[1] Rather Circle Star contends Nuru, while a named insured, does not qualify as an "insured" because of the phrase "HOWEVER, NONE OF THE FOLLOWING IS AN INSURED: a. Anyone engaged in the business of transporting property for hire." *Circle Star Motion* (35), p. 15. While excluding the named insured (the *one and only* insured) may seem a ridiculous interpretation, Circle Star takes it a step further arguing the limitation on the insured definition also applies when the "Vehicle" is "*engaged in the business* of transporting property," presumably without regard to the named insured's conduct. *Circle Star Motion* (35), p.15.

Circle Star contends Mr. Nuru is alleged to have been operating a tractor-trailer (a covered auto) for a motor carrier (Saf-T). Circle Star sold a "non-trucking" policy to Mr. Nuru and now contends the policy does not apply under the allegations. Non-trucking liability policies "typically provide liability coverage only when a commercial truck is used for non-business purposes." *Argonaut Ins. Co. v. Atl. Specialty Ins. Co*., 2023 U.S. App. LEXIS 2692, *2 (5th Cir. 2023) (citing *Progressive Paloverde Ins. Co. v. Estate of Jenkins*, 2021 U.S. Dist. LEXIS 30107, 2021 WL 638119, at *3 (E.D. La. Feb. 18, 2021) (discussing NTL policies). Circle Star argues because Mr. Nuru is alleged to have been operating "in course and scope of employment" or as an "agent" of Saf-T, a motor carrier, he was engaged in the business of transporting property at the time of the

[1] Circle Star concedes that the Vehicle is a covered auto. *Circle Star Motion* (35), p. 14.

accident. As a result, Circle Star argues that coverage does not apply.

Circle Star's reading of the policy is unreasonable. Rather, the policy is written to include Mr. Nuru, the only insured, as an "insured" and the phrase "NONE OF THE FOLLOWING" refers to *others*. The reasonable reading is "you (Mr. Nuru) … but not these others." This is the only reasonable reading because Mr. Nuru – a person who owns a tractor and purchased a policy for when his tractor is not being used to transport cargo - is always a person engaged in the business. Circle Star's reading means Mr. Nuru would never be covered. Remember, Circle Star sold him a non-trucking policy to cover his truck.

Further, the policy contains a provision, Exclusion 13, which excludes coverage for damages "arising out of an accident while the covered auto is being used to transport cargo of any type."[2] If the definition of insured excludes *all people* that happen to be in the business of transporting property for hire, as Circle Star contends, then the exclusion relating to the transportation of cargo is meaningless. Yet, this is the very provision that makes this a non-trucking policy – a policy that excludes coverage when it is being used to haul cargo or is leased to another. In short, Circle Star's interpretation defies the principle that courts "must examine the entire agreement and seek to harmonize and give effect to all provisions so that none will be meaningless." *Gilbert Tex. Constr., L.P.* 327 S.W.3d at 126 (Tex. 2010).

The only reasonable reading of the language limiting those included as insured is to acknowledge it applies to others who are not listed as Insureds; it does not exclude the "you" – Mr. Nuru, the named insured. Further, such a reading gives meaning to Exclusion 13 because it excludes coverage for Mr. Nuru when the Vehicle is actually transporting cargo, *i.e.* actually

[2] The exclusion also relates to use in the business of a lessee, but Circle Star concludes Saf-T is a lessor (*Circle Star Motion* (#35), p. 8) and the policy's definitions states "Lessee" does not include "you" (Mr. Nuru).

"engaged in the business of transporting property for hire."

**A Reasonable Reading of the Policy Demonstrates a Duty to Defend**

Circle Star stretches the meaning of "insured" to exclude the named insured because Exclusion 13 does not otherwise apply to the underlying lawsuits. Although the underlying lawsuits allege "course and scope" or "statutory employee" and/or "agent or employee" with regard to Mr. Nuru and Saf-T, none of these allegations clarify whether or not Mr. Nuru was transporting cargo for hire at the time of the accident. As a result, the application of Exclusion 13 is unclear.

As Circle Star points out, Texas uses the eight-corners rule to determine the duty to defend. *Evanston Ins. Co. v. Legacy of Life, Inc.,* 370 S.W.3d 377, 380 (Tex. 2012). The rule directs Texas courts to determine an insurer's duty to defend its insured based on (1) the pleadings against the insured and (2) the terms of the insurance policy. Loya Ins. Co. v. Avalos, 610 S.W.3d 878, 879 (Tex. 2020). But if the underlying petition states a claim that could trigger the duty to defend, and the application of the eight-corners rule, due to a gap in the plaintiff's pleading, is not determinative of whether coverage exists, Texas law permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved.

The exception to the general rule appears applicable. Defendant Garrison will prepare and file its own summary judgment presenting evidence that Mr. Nuru was likely not carrying cargo. In fact, according to the police report, Mr. Nuru did not have a trailer attached to his vehicle at the time of the accident. As a result, some discovery is necessary to determine facts relevant to the issues of Circle Star's duty to defend and indemnify.

More importantly, Circle Star's motion for summary judgment should be denied.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Garrison requests that Circle Star's Motion be denied and that Garrison be provided such other and further relief which it may show itself justly entitled.

Respectfully submitted,

By: ______________________________

**DAVID J. METZLER**
Texas Bar No. 13982550
dmetzler@cowlesthompson.com

**COWLES & THOMPSON, P.C.**
901 Main Street, Suite 3900
Dallas, TX 75202-3793
(214) 672-2000

**ATTORNEYS FOR DEFENDANT GARRISON PROPERTY & CASUALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on October 8, 2026, the foregoing was electronically filed with the Clerk of the Court using the e-filing system which will send notification of such filing to all counsel of record.

______________________________
**DAVID J. METZLER**