**CAUSE NO. DC-24-06763**

| | |
|---|---|
| **ALEXIS MARTINEZ,**<br>***Plaintiff,***<br>**v.**<br>**SAID ADEM NURU, SAF-T TRANSPORTATION, AND BISMILLAH LOAD, INC.,**<br>***Defendants.***<br>**~AND~**<br>**GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,**<br>***Plaintiff,*** | **IN THE DISTRICT COURT** |
| **v.**<br>**SAID NURU, SAF-T TRANSPORTATION, AND BISMILLAH LOAD, INC.,**<br>***Defendants.***<br>**~AND~**<br>**JOANNE COZZOLINO,**<br>***Plaintiff,***<br>**v.** | **134th JUDICIAL DISTRICT** |
| **SAID NURU, BISMILLAH LOAD, INC., AND GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A USAA,**<br>***Defendants.*** | **DALLAS COUNTY, TEXAS** |



**Exhibit A**

**INTERVENOR-PLAINTIFF GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY'S ORIGINAL PETITION**

COMES NOW, Garrison Property and Casualty Insurance Company, and files this Original Petition complaining of Said Adem Nuru and Saft Transportation, Inc., and in support thereof would respectfully show the Court as follows:

## DISCOVERY CONTROL PLAN

1. Discovery in this action is intended to be conducted under a Level 1 discovery control plan and Plaintiff affirmatively pleads that this suit is governed by the expedited-actions process pursuant to Texas Rule of Civil Procedure 169.

## PARTIES AND SERVICE

2. Garrison Property and Casualty Insurance Company ("Plaintiff") is a domestic insurance carrier authorized to conduct the business of insurance in the State of Texas by the Texas Department of Insurance.

3. Said Adem Nuru ("Nuru") is an individual residing in Dallas County, and who may be served with process at his usual place of residence 609 Woodhaven Pl, Richardson, TX 75081, or wherever he may be found. No issuance of citation is requested.

4. Saft Transportation, Inc. ("Saft") is a corporation lawfully doing business in the State of Texas, whose principal place of business is 4740 14th St Suite T3-SF, Plano, TX 75074, and is licensed as a Federal Motor Carrier, U.S. DOT #3504637, who may be served with process through its Registered Agent, Law Office of John Sims, at 1205 Broadway St., Lubbock, TX 79401. No issuance of citation is requested.

## VENUE AND JURISDICTION

5. The incident giving rise to this cause of action occurred in this county; consequently, venue is proper in Dallas County, Texas pursuant to Chapter 15 of the Texas Civil Practices & Remedies Code.

6. The Court has jurisdiction over the lawsuit because the amount in controversy is within the jurisdictional limits of this Court.

## SPECIFIC STATEMENT OF RELIEF

7. Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

## FACTUAL BACKGROUND

8. On, or about, 3/30/2023, Nuru was operating a motor vehicle ("Subject Vehicle") in the area of the 10100 block of LBJ Fwy near Royal Lane, Dallas, when he, among other things, failed to maintain a proper lookout and failed to maintain control of the Subject Vehicle, causing a collision ("the Collision") with the vehicle of Plaintiff's insured, Joanne E Cozzolino ("Insured"), resulting in a loss of use and fair market value in the amount of $28,678.40, or alternatively, costs in the same sum to repair ("the Loss").

9. While operating the Subject Vehicle, and thus at the time of the Collision, Nuru was an agent and/or employee of Saft acting within the scope of his authority as such agent and/or employee. Alternatively, to the extent Nuru was not acting within the course and scope of his employment and/or agency with Saft at the time of the Collision, Nuru was operating the Subject Vehicle in his individual capacity.

10. Insured, and her vehicle, are, and were at all relevant times herein, covered under a policy of insurance issued by Plaintiff; accordingly, after the Collision occurred and after receiving due proof of the Loss, provided by Insured, Plaintiff made payments to, and/or on behalf of, Insured in the said amount pursuant to the aforementioned insurance policy, thereby becoming subrogated to that amount.

## CAUSE(S) OF ACTION AND DAMAGES

### Negligence

11. Nuru owed Insured a legal duty to use ordinary care in the operation of the Subject Vehicle at the time of the Collision; but he breached that duty of care by, among other things, failing to maintain a proper lookout and failing to maintain proper control of the Subject Vehicle, which proximately caused the Collision, and thereby the ensuing Loss to Insured's property.

### Vicarious Liability – Respondeat Superior

12. Insured was injured as a result of Nuru's negligence while he was an employee of Saft and said negligence was committed while Nuru was performing acts within the scope of his employment—that is, the operation of the Subject Vehicle by Nuru was within his general authority; in furtherance of Saft's business; and for the accomplishment of the object for which Nuru was hired, consequently Saft is vicariously liable for Insured's injuries.

### Vicarious Liability – Statutory Employee

13. At minimum, Nuru was a statutory employee of Saft at the time of the Collision. According to the Federal Motor Carrier Safety Regulations ("FMCSR"), a driver is deemed the statutory employee of the carrier for which he is driving and,

through this constructive employment relationship, the carrier may be held vicariously liable for the negligence of the driver. Therefore, Saft is vicariously liable for the negligence of its statutory employee Nuru.

**Alternative Pleading**

14. In the alternative, to the extent Nuru was not acting in the course and scope of his employment or agency with Saft and/or was not operating the Subject Vehicle in furtherance of Saft's business at the time of the Collision, Nuru was operating the Subject Vehicle in his individual capacity.

**Damages**

15. Defendants' breach of duty proximately caused injury to Insured that resulted in actual liquidated damages, to which Plaintiff is subrogated and is now seeking.

## CONDITIONS PRECEDENT

16. All conditions precedent to Plaintiff's claims for relief has been performed or has occurred.

## PRAYER

For the foregoing reasons Plaintiff requests that citation issue to Defendants requiring an appearance and answer herein and that upon final trial or other disposition of this lawsuit Plaintiff have and recover judgment against Defendants on the claims above for:

a. actual damages of **$28,678.40**;
b. prejudgment and post judgment interest;
c. all costs of suit; and
d. such other relief at law or in equity to which the Court determines Plaintiff may be justly entitled.

Respectfully submitted,
**CLERKIN, SINCLAIR & MAHFOUZ, LLP**

Patrick Clerkin, SBN: 24040702
Veronica "Sofia" Garza, SBN: 24143637
Karen Guenther; SBN: 24084284
tx.eservice@clerkinlaw.com
2929 N. Central Expressway, Ste. 320
Richardson, TX 75080
O: 469.906.2190 | F: 469.608.8821

****NOTICE: DEFENDANTS, YOU MUST DELIVER THIS IMMEDIATELY TO YOUR INSURER OR THE INSURANCE COMPANY INSURING THE VEHICLE YOU WERE DRIVING AT THE TIME OF THE COLLISION. IF YOU ARE NOT REPRESENTED BY AN ATTORNEY AND WISH TO DISCUSS PAYMENT OF THE DAMAGES, PLEASE CALL OUR OFFICE AT: (469) 906-2190.**

To Defendants, Attorneys and insurers for settlement purposes only – not to be read to the jury: This firm is retained on a contingent fee basis. Trying this lawsuit will not increase our client's attorney fees. If this case falls within the Motor Vehicle Safety Responsibility Act and we settle, we will prepare for your approval a written release or an Agreed Judgment that the Department of Public Safety will accept to lift or prevent the suspension of Defendant's driver's license. In appropriate cases, our client will allow payment in monthly installments or a lump sum of a reduced amount of damages.

**~~~~ WARNING ~~~~**

**YOU ARE REQUIRED, EVEN IF YOU DO NOT HAVE AN ATTORNEY, TO SEND A COPY OF EVERYTHING YOU FILE WITH THE COURT TO CLERKIN, SINCLAIR & MAHFOUZ, LLP, 2929 N. CENTRAL EXPRESSWAY, STE. 320, RICHARDSON, TX 75080, BY FIRST CLASS MAIL OR FACSIMILE TO 469-608-8821. FAILURE TO DO SO MAY HAVE SEVERE CONSEQUENCES. SEE COURT RULES FOR DETAILS.**