**CAUSE NO. DC-24-06763**

| | | |
|---|---|---|
| **ALEXIS MARTINEZ,**<br>**PLAINTIFF,**<br><br>**V.**<br><br>**SAID NURU, SAF-T TRANSPORTATION , INC. AND BISMILLAH LOAD, INC.,**<br>**DEFENDANTS.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT**<br><br>**192ND JUDICIAL DISTRICT**<br><br>**DALLAS COUNTY, TEXAS** |

**~And~**

| | | |
|---|---|---|
| **GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY,**<br>**PLAINTIFF,**<br><br>**V.**<br><br>**SAID NURU, SAF-T TRANSPORTATION, INC. AND BISMILLAH LOAD, INC.,**<br>**DEFENDANTS.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT**<br><br>**192ND JUDICIAL DISTRICT**<br><br>**DALLAS COUNTY, TEXAS** |

**~And~**

| | | |
|---|---|---|
| **JOANNE COZZOLINO,**<br>**PLAINTIFF,**<br><br>**V.**<br><br>**SAID NURU, BISMILLAH LOAD, INC., AND GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A USAA,**<br>**DEFENDANTS.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT**<br><br>**192ND JUDICIAL DISTRICT**<br><br>**DALLAS COUNTY, TEXAS** |

---

**PLAINTIFF COZZOLINO'S SECOND AMENDED PETITION AND CROSS-CLAIM AGAINST GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY**

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME JOANNE COZZOLINO, Plaintiff, complaining of and against SAID NURU and BISMILLAH LOAD, INC., Defendants, and GARRISON PROPERTY AND CASUALTY



Exhibit B

INSURANCE COMPANY d/b/a USAA, Plaintiff and Cross-Defendant, and for cause of action would respectfully show the Court the following:

## I. DISCOVERY CONTROL PLAN LEVEL

1.01 Pursuant to Texas Rules of Civil Procedure Rule 190.4, Plaintiff requests that discovery be conducted in accordance with Discovery Control Plan-Level 3.

1.02 Plaintiff seeks monetary relief greater than $1,000,000.

## II. JURISDICTION AND VENUE

2.01 This Court has jurisdiction and venue over the parties and subject matter of these claims because the amount in controversy is within the jurisdictional limits of this Court and all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas.

## III. PARTIES AND SERVICE

3.01 Plaintiff is an individual residing in Dallas County, Texas.

3.02 Defendant, SAID NURU, is an individual who may be served with citation at his residence at 609 Woodhaven Place, Richardson, Texas 75081.

3.03 Defendant, BISMILLAH LOAD, INC., is an entity doing business in the State of Texas and can be served with citation by serving its registered agent Mohammad Farooq, 619 Terrace Drive, Richardson, Texas 75081.

3.04 Defendant Garrison Property and Casualty Insurance Company d/b/a USAA is a foreign corporation doing business in the State of Texas and may be served through its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. ISSUANCE OF CITATION IS REQUESTED.

## IV. FACTS

4.01 This lawsuit arises out of a motor vehicle collision that occurred on or March 30, 2023, in Dallas County, Texas. Plaintiff was traveling east on US Interstate Highway 635 in Dallas, Dallas County, Texas, when Defendant SAID NURU, traveling behind Plaintiff, failed to control speed, followed too closely, and collided with Plaintiff. The collision caused the injuries and other damages complained of herein.

4.02 At all material times, Defendant SAID NURU was an employee of Defendant BISMILLAH LOAD, INC., and was acting within the course and scope of such employment.

4.03 In the alternative, to the extent Defendant SAID NURU was not acting within the course and scope of his employment and/or agency with BISMILLAH LOAD, INC., at the time of the collision, Defendant SAID NURU was operating the subject vehicle in his individual capacity.

## **V. NEGLIGENCE**

5.01 The collision and the injuries of the Plaintiff were proximately caused by Defendant's negligent, careless, and reckless disregard of his duty to Plaintiff, including the following acts and omissions:

a. Defendant, SAID NURU, failed to keep a proper lookout for the Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

b. Defendant, SAID NURU, failed to timely apply the brakes to his motor vehicle in order to avoid the collision;

c. Defendant, SAID NURU, failed to take proper evasive action that would have been taken by a person of ordinary prudence under the same or similar circumstances;

d. Defendant, SAID NURU, failed to remain reasonably attentive to the traffic and other conditions existing on the roadway as a reasonably prudent person would have been under the same or similar circumstances;

e. Defendant, SAID NURU, failed to pay requisite attention as a reasonably prudent driver would;

f. Defendant, SAID NURU, failed to yield the right of way; and,

g. Defendant, SAID NURU, was negligent per se.

## **VI. RESPONDEAT SUPERIOR**

6.01 At the time of the incident, Defendant SAID NURU was acting under the direction and control of Defendant BISMILLAH LOAD, INC., and was acting within the course and scope of such direction and control. Defendant BISMILLAH LOAD, INC., is liable to Plaintiff for the negligence of Defendant SAID NURU under the common law doctrine of *respondeat superior*.

## **VII. STATUTORY EMPLOYEE AND/OR PERMISSIVE USER**

7.01 At the time of the incident, Defendant SAID NURU was a Statutory Employee of owner of the entity that owned the vehicle, such that any and all insurance coverage should be

afforded to Defendant Said Nuru pursuant to the Federal Motor Carriers Safety Regulations.

7.02 The Statutory Employee Doctrine holds a motor carrier vicariously liable for injuries resulting from a driver's negligent operation when:

a. the carrier does not own the vehicle;

b. the carrier operates the vehicle, under an arrangement with the owner, to provide transportation subject to the Commission's jurisdiction; and

c. the carrier does not literally employ the driver.

7.03 Courts have held that the "crusing weight of authority" imposes an absolute duty on an interstate motor carrier when the negligent operation of one of it's leased vehicles injures a member of the public. *Harvey v. F-B Truck Line Co.,* 767 P.2d 254, 260 (Idaho 1987).

7.04 In the alternative, Defendant Said Nuru was a permissive driver of the vehicle in questions such that any and all insurance coverage should be afforded to him under the applicable liability policy.

## VIII. UNINSURED / UNDERINSURED MOTORIST COVERAGE

8.01 At the time of the collision, Plaintiff was a named insured under Policy Number 03530 01 34R 7102 0 with Defendant Garrison Property and Casualty Insurance Company d/b/a USAA. The Insurance Policy was in full force and effect at the time of the collision which forms the basis of this lawsuit and contained Underinsured/Uninsured Motorist benefits in the amount of $1,000,000.

8.02 Pursuant to the Insurance Policy, Defendant Garrison Property and Casualty Insurance Company d/b/a USAA promised to Joanne Cozzolino all sums that Defendant Garrison Property and Casualty Insurance Company d/b/a USAA is legally obligated to pay under the Insurance Policy, including loss caused by bodily injury resulting from the ownership or use of a motor vehicle.

8.03 Plaintiff has complied with all conditions precedent in the policy to bring this claim.

8.04 Plaintiff is full entitled to benefits allowed under the uninsured/underinsured motorist provision of said insurance policy and hereby seeks damages to such provisions from Defendant Garrison Property and Casualty Insurance Company d/b/a USAA.

## IX. DECLARATORY RELIEF AS TO GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY D/B/A USAA

9.01 Pursuant to Civil Practice and Remedies code Chapter 37, Joanne Cozzolino seeks

a declaration of the parties rights, statuses, and legal relations under the Garrison Property and Casualty Insurance Company d/b/a USAA policy. Such a declaration is appropriate regardless of whether there has been a breach of contract.

9.02 Plaintiff seeks the following declarations:

a. Plaintiff Joanne Cozzolino was covered by the Garrison Property and Casualty Insurance Company d/b/a USAA policy at the time of the collision in question with underinsured motorist coverage;

b. The extent and amount of damages that Plaintiff Joanne Cozzolino incurred as a result of the collision; and

c. The extent and amount of damages that Defendant Garrison Property and Casualty Insurance Company d/b/a USAA is contractually obligated to pay Plaintiff Joanne Cozzolino under the Garrison Property and Casualty Insurance Company d/b/a USAA policy.

d.

9.03 Pursuant to Civil Practice and Remedies Code Chapter 37, Plaintiff Joanne Cozzolino seeks an award of all reasonable and necessary attorneys fees and costs as are equitable and just.

## X. DAMAGES

7.01 As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff were caused to suffer severe bodily injuries and damages as set forth below.

a. Reasonable expenses for necessary medical care in the past and future for Plaintiff;

b. Lost wages and/or lost earning capacity, past and future;

c. Pain and suffering in the past and future;

d. Physical impairment in the past and future; and,

e. Defendant SAID NURU's conduct, when viewed objectively, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and of which the Defendant SAID NURU had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety and welfare of others, including Plaintiff, as such, Plaintiff additionally seeks exemplary damages as allowed by Chapter 41 of the Texas Civil Practice & Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff against the Defendants for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment and post-judgment interest at the maximum rate allowed by law, costs of court, and such other and further relief to which the Plaintiff may show themselves justly entitled.

Respectfully submitted,
**THE BENTON LAW FIRM**

BY: *_/s/ Jeff Benton_*
**Jeff Benton**
State Bar No. 24050283
1825 Market Center Blvd., Suite 350
Dallas, Texas 75207
Phone (214) 777-7777
Fax (214) 888-1000
E-File: service@jeffbenton.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record pursuant to the *Texas Rules of Civil Procedure* on the 7th day of October, 2026.

_/s/ Jeff Benton_
**JEFF BENTON**